Michael D. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
(509) 484-5972 FAX

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Richard G. Winders,<br><br>  Plaintiff,<br><br>  v.<br><br>Zwicker and Associates, P.C.; Donna J. Smith(WSBA #37336) and John Doe Smith, wife and husband; Aaron McClellan ( WSBA # 45072) and Jane Doe McClellan; Discover Bank; and DB Services Inc.<br><br>  Defendants. | Case No.:<br><br>COMPLAINT<br><br>[FDCPA] |

Plaintiff, through his attorney, Michael D. Kinkley of Michael D. Kinkley, P.S., alleges the following:

I. COMPLAINT

1.1. This is an action for damages and remedies against Zwicker and Associates, P.C.; Donna J. Smith (WSBA #37336), and John Doe Smith, wife and

COMPLAINT  -1                                                          MICHAEL D. KINKLEY P.S.
                                                                      4407 N. Division, Suite 914
                                                                      Spokane Washington 99207
                                                                             (509) 484-5611

husband; Aaron McClellan(WSBA # 45072), and Jan Doe McClellan, husband and wife;DB Services Inc. (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., ("FDCPA"); against Zwicker and Associates, P.C.; Donna J. Smith, WSBA #37336, and John Doe Smith, wife and husband; Aaron McClellan, WSBA # 45072;; and DB Services Inc. Discover Bank for damages and remedies pursuant to the Washington State Consumer Protection Act (RCW 19.86 et seq.) ("WCPA"); against Zwicker and Associates, P.C. for violations of the Washington Collection Agency Act (WCAA).

## II. JURISDICTION & VENUE

2.1. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

2.2. Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendants conduct affairs and transact business in this District, and a significant portion of the unlawful acts giving rise to this Complaint occurred in this District, and the plaintiffs reside within the territorial jurisdiction of the court.

## III. FEDERAL QUESTION
## SUBJECT MATTER JURISDICTION

3.1. Plaintiff Richard G. Winders is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3.2. Plaintiff Richard G. Winders is a natural person.

3.3. Plaintiff Richard G. Winders is alleged by the defendants to be obligated to pay a debt.

3.4. Defendant Zwicker and Associates, P.C., was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.5. Defendant Aaron McClellan was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. § 1692a(5).

3.6. Defendant Donna J. Smith was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. § 1692a(5).

3.7. The alleged debt of Richard G. Winders was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.8. Defendant Zwicker and Associates, P.C., is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

COMPLAINT -3

3.9. The principle purpose of DB Services Inc.'s .business is the collection of debts.

3.10. Defendant Zwicker and Associates, P.C., regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.11. Defendant Zwicker and Associates, P.C.., is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.12. Defendant Zwicker and Associates, P.C.., regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.13. Defendant Donna J. Smith is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.14. Defendant Donna J. Smith regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.15. Defendant Aaron McClellan is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.16. Defendant Aaron McClellan regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

IV. PARTIES

4.1. Now, and at all relevant times, Plaintiff Richard G. Winders was a resident of the State of Washington residing within the territorial jurisdiction area of the United States District Court for the Western District of Washington.

4.2. Defendant Zwicker and Associates, P.C., is a limited liability corporation engaged in the business of collecting debts within the State of Washington; which debts were originally owed to another.

4.3. Defendant Zwicker and Associates, P.C.,, LLC, is not a Washington corporation.

4.4. Defendant DB Servicing Funding, LLC, has not been qualified to do business in Washington as a foreign corporation.

4.5. The principle purpose of Defendant DB Servicing Funding, LLC's business activities within the jurisdiction of this court is the collection of debts originally owed another using the mail and telephone.

4.6. Defendant DB Servicing Funding, LLC, is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692a(6).

4.7. Defendant DB Servicing Funding, LLC, purchases the right to collect on defaulted credit obligations.Defendant DB Services Inc, obtained the right to collect on hundreds of defaulted credit obligations.

4.8. Defaulted debt in default is often not performing.

4.9. DB Services Inc. attempts to collect the debt in default it obtains.

4.10. DB Services Inc., files lawsuits naming "Discover Bank" as he Plaintiff-Party, through attorney's employed by Zwicker and Associates, P.C files lawsuits to collect the debt in default it obtains..

4.11. Defendant Donna J. Smith of Zwicker and Associates, P.C.., was an attorney appearing for Discover Bank in the State of Washington, King County Superior Court.

4.12. Defendant Zwicker and Associates, P.C. have an agreement with Defendant DB Services Inc. to represent Discover Bank in lawsuits to collect debt in default alleged owed by Washington residents.

4.13. Defendant Donna J. Smith of Zwicker and Associates, P.C. approved the form of the state court Complaint filed against Tanya Sanchez and the collection system using that complaint.

4.14. Defendant Donna J. Smith is an employee of Zwicker and Associates, P.C. All acts done by Defendant Donna J. Smith were done on her behalf, on

behalf of the Smith marital community, on behalf of Zwicker and Associates, P.C.., and on behalf of Discover Bank and DB Services Inc.

4.15. Defendant Donna J. Smith(WSBA #37336) of Zwicker & Associates, P.S. approved the form of the state court Default Judgment filed against Plaintiff Richard G. Winders and the collection practices attempting to collect that Judgment.

4.16. Defendant Aaron McClellan is an employee of Zwicker & Associates, P.S. All acts done by Defendant Aaron McClellan were done on his behalf, on behalf of the McClellan marital community, on behalf of Zwicker & Associates, P.S., and on behalf of DB Servicing Funding, LLC an on behalf of Discover Bank.

4.17. All acts done by Zwicker and Associates, P.C. were done on its own behalf, and on behalf of Discover Bank and DB Services Inc.

4.18. DB Servicing Funding, LLC solicits debts that were originated in Washington that are in default in order to collect or to attempt to collect after purchasing the debt.

V. FACTS

5.1. On August 17, Defendants filed a lawsuit "*Discover Bank vs. **Tanya M. Sanchez***" in King County Superior Court, file Number 12-2-27617-0.

COMPLAINT -7

5.2. Defendants alleged in the Complaint that Ms. Sanchez owed a debt to Discover Bank. The Complaint did not mention Richard G. Winders.

5.3. Defendants *served Ms. Sanchez* the Summons and Complaint by abode service (Collection Lawsuit). Mr. Winders *was never served any Summons and Complaint.*

5.4. On September 27, 2012, Defendants filed an Order to amend the Caption in the Collection Lawsuit against Tanya Sanchez substituting Richard Winders as the named Defendant.

5.5. Richard Winders was never named in a Complaint, never served a Summons or Complaint but somehow became the defendant in the state court collection lawsuit.

5.6. On November 14, 2012, Defendants caused to be entered a Default Judgment against Richard G. Winders.

5.7. The signing of the Default Judgment was an attempt to collect a debt.

5.8. On November 14, 2012, Donna J. Smith(WSBA #37336)filed the Default Judgment.

5.9. The filing of the Default Judgment was an attempt to collect a debt.

5.10. The Default Judgment adds a filing fee, a service of process fee, and Motion fees to the alleged principle against Richard G. Winders.

5.11. Richard Winders *has never been named in a Summons and Complaint.*

COMPLAINT -8

*5.12.*   *Richard G. Winders had never been served a Summons or Complaint.*

*5.13.*   In fact the original Complaint (in the same action) alleged that Tanya Sanchez owed the debt for which defendants entered the default Judgment against Richard G. Winders

5.14.   The default judgment package consists of forms in which data is merged.

5.15.   The application for default template or form included a standard request for fees in default cases.

5.16.   The request for fees of is an unfair and deceptive act or practice.

5.17.   The request for a default judgment when Richard G. Winders is not a proper party is an unfair and deceptive act or practice.

5.18.   On May 28, 2013, Defendants filed an application for garnishment.

5.19.   Defendant did not have a valid judgment to support a garnishment.

5.20.   Aaron McClellan falsely alimed the funds garnished were "not exempt".

## VII. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

7.1   The debt collector Defendants, through their own acts, by and through their agents and employees, and their policies and procedures, have violated the FDCPA which has caused damage to Plaintiff.

COMPLAINT -9

7.2 The Defendants falsely represented the character, amount, and/or legal status of the alleged debt, violating 15 USC § 1692e, 15 USC § 1692e(2)(A), and other provisions of the FDCPA.

7.3 The debt collector defendants made misleading and deceptive statements in the collection of a debt in violation of 15 USC § 1692e.

7.4 The Defendants have threatened to take action that cannot legally be taken, violating 15 USC § 1692e, 15 USC § 1692e(5) and other provisions of the FDCPA.

7.5 The debt collector defendants made misleading and deceptive statements in the collection of a debt in violation of 15 USC § 1692e.

7.6 Defendants misrepresented the date of default of the loan.

7.7 Defendants misrepresented the amount due.

7.8 Defendants misrepresented the amount due for interest and the amount due for principal and failed to disclose that any amounts claimed were due for any reason other than principle or interest including but not limited to late fee, etc.

7.9 Defendants have used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC § 1692f including but not limited to 15 USC § 1692f(1).

7.1   Taking a Judgment Richard G. Winders without serving a Summons and Complaint against Richard G. Winders is a violation of the FDCPA, 15 USC § 1692f(1).

7.2   The attempt to collect or collection of such an amount is neither expressly authorized by an agreement creating the debt nor permitted by law, therefore in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA.

7.3   Defendants have collected or attempted to collect principle, collection charges, interest in excess of the collection charges, interest and allowed by law, in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA.

7.4   The Defendants violation of the FDCPA has caused actual Damages to the Plaintiff.

## VIII. VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT

8.1   Defendant Zwicker and Associates, P.C is a "collection agency" as defined by RCW 19.16.100(2).

8.2   Defendant Zwicker and Associates, P.C, is in violation of RCW 19.16.250(14), 19.16.250(15), 19.16.250(18), and other sections of RCW 19.16. including but not limited to RCW 19.16.250.

8.3   DB Servicing Funding, LLC is not properly licensed as a collection agency as required by the WCAA.

8.4   DB Servicing Funding, LLC is collecting debts in Washington without a license in violation of the WCAA.

8.5   DB Servicing Funding, LLC is filing lawsuits without being a valid Washington corporation.

8.6   Zwicker and Associates, P.C. violated RCW 19.16.250(8) by failing to give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form which represents or implies that a claim exists unless it shall indicate in clear and legible type:

8.6.1   (a) The name of the licensee and the city, street, and number at which he is licensed to do business;

8.6.2   (b) The name of the original creditor to whom the debtor owed the claim if such name is known to the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to obtain the name of such person and provide this name to the debtor;

8.6.3 (c) If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or its first notice to the debtor, an itemization of the claim asserted must be made including:

    8.6.3.1 (i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment;

    8.6.3.2 (ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to obtain information on such items and provide this information to the debtor;

    8.6.3.3 (iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection;

    8.6.3.4 (iv) Collection costs, if any, that the licensee is attempting to collect;

8.6.3.5 (v) Attorneys' fees, if any, that the licensee is attempting to collect on his or its behalf or on the behalf of a customer or assignor;

8.6.3.6 (vi) Any other charge or fee that the licensee is attempting to collect on his or its own behalf or on the behalf of a customer or assignor.

8.7 Defendant Zwicker and Associates, P.C. violated RCW 19.16.250(14)(15) and (18) by misrepresenting the amount due and attempting to collect amounts in excess of that allowed by law.

8.8 Defendant Zwicker and Associates, P.C, violated RCW 19.16.250, by causing a judgment to be entered against a person not even a proper party to the lawsuit.

## IX. VIOLATION OF THE CONSUMER PROTECTION ACT

9.1 Defendant DB Servicing Funding, LLC, Zwicker and Associates, P.C and Discover Bank violated the Washington Consumer Protection Act (WCPA).

9.2   Defendant Zwicker and Associates, P.C violation of the Washington State Collection Agency Act is a per se violation of the Washington State Consumer Protection Act.  (RCW 19.16.440).

9.3   Defendant Zwicker and Associates, P.C's violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 is an unfair and/or deceptive act or practice and/or an unfair method of competition in the conduct of trade or commerce.

9.4   Defendant Zwicker and Associates, P.C violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 affects the public interest in violation of the Washington State Consumer Protection Act.  (RCW 19.16.440).

9.5   Defendant DB Servicing Funding, LLC has violated the WCCA including but not limited to failing to obtain and maintain a license as required by RCW 19.16.110.

9.6   Defendant Zwicker and Associates, P.C has violated the Washington Administrative Code governing the actions of collection agencies.

9.7   The business of collection agencies, as well as all acts and practices of collection agencies, debt collectors, are subject to the Consumer Protection Act, RCW 19.86 and subsequent sections.

COMPLAINT -15

9.8 The Consumer Protection Act of the State of Washington requires that all collection agencies, their agents, and debt collectors abstain from unfair or deceptive practices or acts and unfair methods of competition.

9.9 Defendant Zwicker and Associates, P.C, personally and/or by and through their agents and employees, policies and procedures, have engaged in deceptive acts and practices, unfair acts and practices, and unfair methods of competition that have caused injury to the plaintiffs.

9.10 Defendant Zwicker and Associates, P.C., LLC has engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

9.11 Defendant Zwicker and Associates, P.C, LLC is in the business of debt collection in trade or commerce.

9.12 Unlawful and Unfair Debt Collections is against public interest.

9.13 Defendant Zwicker and Associates, P.C,'s actions were the direct cause of injury to plaintiff's property.

9.14 The violations have harmed and unless enjoined will continue to harm the public interest by causing Plaintiff to pay collection charges that are unfair deceptive, unlawful, and an unfair method of competition.

9.15 Zwicker & Associates, P.S. has a contingent fee agreement with Defendant DB Servicing Funding, LLC.

9.16  Inflating the attorney fee results in additional profits to the Zwicker & Associates law firm.

9.17  Defendants Zwicker and Associates, P.C., Donna J. Smith, Aaron McClellan, and DB Services Inc. have engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

9.18  Defendants Zwicker & Associates P.S., Aaron McClellan and Donna J. Smith(WSBA #37336) misrepresent the proper defendat as an entrepreneurial part of the practice of law which is in trade or commerce.

9.19  Unlawful and Unfair Debt Collections is against public interest.

9.20  Defendants Zwicker and Associates, P.C.. DB Services Inc.. Aaron McClellan's actions were the direct cause of injury to plaintiff's property.

9.21  The violations have harmed and unless enjoined will continue to harm the public interest by causing Plaintiff to pay collection charges that are unfair deceptive, unlawful, and an unfair method of competition.

9.22  Defendant Zwicker and Associates, P.C., P.S. is a for profit corporation.

9.23  The entrepreneurial acts and practices of an attorney are subject to the Washington Consumer Protection Act, RCW 19.16 and subsequent sections.

9.24   The Washington Consumer Protection Act requires that all attorney's engaging in the entrepreneurial acts and practices abstain from unfair or deceptive practices or and unfair methods of competition.

9.25   Defendants Zwicker and Associates, P.C.. Donna J. Smith. Aaron McClellan use unfair and deceptive acts and practices to obtain and retain clients.

9.26   The violations of the WCPA against Defendant*s* Zwicker and Associates, P.C.. Donna J. Smith, Aaron McClellan are based on entrepreneurial aspects of the practice of law.

9.27   Discover Bank through the other defendants engaged in unfair and Deceptive acts and practices.

9.28   DB Services Inc. through the other defendants engaged in unfair and Deceptive acts and practices.

X. UNJUSTIFIED ENRICHMENT- WRONGFUL GARNISHMENT

10.1   Defendants obtained funds through wrongful garnishment based on a void judgment entered without personal jurisdiction and in violation of due process, since there was no notice or opportunity to be heard.

COMPLAINT -18

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

10.2 The funds taken from Richard G. Winders by wrongful garnishment on a void judgment must be returned to the plaintiff as both damages for wrongful garnishment and/or as restitution or unjust enrichment.

## XI. DEMAND

WHEREFORE, plaintiff demands judgment as follows:

11.1    Actual damages;

11.2 Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2).

11.3 Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3);

11.4 Costs and reasonable attorney's fees pursuant to the Washington Consumer Protection Act, RCW 19.86;

11.5 Treble damages pursuant to the Washington Consumer Protection Act, RCW 19.86;

11.6 Declaratory Judgment that defendants' practices violate the Fair Debt Collection Practices Act and/or the Washington Consumer Protection Act;

11.7 Disgorgement pursuant to RCW 19.16.450 of all interest, service charges, attorneys' fees, collection costs, delinquency charge or any other

fees or charges otherwise legally chargeable to the debtor on such claim, collected by defendants;

11.8   Injunction prohibiting defendants from attempting to collect collection fees, interest, attorney fees, and other charges unless allowed by law.

11.9   Injunction prohibiting defendants from attempting to collect debt by threatening or instituting litigation without service of process.

11.10  For such other and further relief as may be just and proper.

DATED this 12th day of November, 2013.

*Michael D. Kinkley P.S.*

/s Michael D. Kinkley
Michael D. Kinkley
WSBA # 11624
Attorney for Plaintiff

COMPLAINT -20